UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TRAVIS ROGERS                                                                CIVIL ACTION

VERSUS                                                                             NUMBER: 05-0400

N. BURL CAIN, WARDEN                                               SECTION: "F"(6)

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, and for the following reasons, it is HEREBY RECOMMENDED that petitioner's application for federal habeas corpus relief be DISMISSED WITH PREJUDICE as untimely.

Petitioner Rogers is a state prisoner who is presently incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On October 30, 1996, following trial by jury, Rogers was convicted on two counts of armed robbery. On March 17, 1997, Rogers was sentenced, with respect to each count, to 75-year terms of incarceration to run

concurrently.

Pursuant to Rogers' appeal, his conviction and sentence were affirmed by the Louisiana Fourth Circuit Court of Appeal on September 22, 1999. *State v. Rogers*, 752 So.2d 995 (La. App. 4 Cir. 1999) (unpublished opinion).[1]  On April 20, 2000, the Louisiana Supreme Court, in a one-word decision, denied Rogers' writ application, *State v. Rogers*, 760 So.2d 341 (La. 2000), and on February 9, 2001, denied his application for rehearing. *State ex rel. Rogers v. State*, 785 So.2d 31 (La. 2001).

On November 8, 2001, Rogers sought post-conviction relief from the state district court.  Rogers' effort in this regard culminated on January 14, 2005, when the Louisiana Supreme Court denied his writ application. *State ex rel. Rogers v. State*, 889 So.2d 259 (La. 2005).  Six days later, on January 20, 2005, Rogers filed the instant federal habeas corpus application.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[2]  *See* 28 U.S.C. § 2244(d)(1) (West 2006), as amended by the AEDPA, P.L. 104-132,

---

[1] A copy of the Louisiana Fourth Circuit's unpublished opinion is contained in the State rec., vol. 5 of 6.

[2] The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

110 Stat. 1220. This one-year prescriptive period, however, is tolled during the time a properly filed application for State post-conviction or other collateral review is pending. *See* 28 U.S.C. § 2244(d)(2).

The State contends that Rogers' one-year prescriptive period commenced to run "on **July 19, 2000**, ninety days after the Louisiana Supreme Court denied a writ on direct review [emphasis original]."[3] *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) ("If the conviction does not become final by the conclusion of direct review, it becomes final by the expiration of the time for seeking such review.... [T]his includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort [quotation and footnote omitted]."). Because Rogers, in order to toll prescription, did not file an application for state post-conviction relief "until November 8, 2001, some **one year and 112 days** later [emphasis original]", the instant action, according to the State, has prescribed.[4]

In connection with the above argument, the State acknowledges, in a footnote, that prior to his November 8, 2001 state post-conviction application, Rogers filed a pleading with the Louisiana Supreme Court. However, the State contends that this filing should "not [be] included in the prescription calculation", reasoning:

> [I]t was denied as repetitive and was not part of the normal appellate process. Nor can it be considered a part of a "properly filed" application for collateral

---

[3]*See* State's "Response to Habeas Corpus Petition", Federal rec., doc. 11, p. 4.

[4]*See* Federal rec., doc. 11, p. 4.

review as it was not filed pursuant to Louisiana rules governing applications for post conviction relief. The Louisiana Supreme Court apparently did not treat the filing as an application for rehearing either. Such application on May 30, 2000, would have been barred as untimely because it was filed over fourteen days after the Court's decision. *See* La. S.Ct. R. IX.[5]

The State is incorrect with respect to its suggestion that the above-referenced pleading, labeled as an "Application for Reconsideration on Behalf of Travis Rogers"[6], does not toll prescription because it was filed over 14 days after the Louisiana Supreme Court's April 20, 2000 decision, in violation of La. S.Ct. R. IX §1.[7] While Rogers' rehearing application was file-stamped by the Clerk of Court's Office for the Louisiana Supreme Court on May 30, 2000, 26 days after May 4, 2000, the expiration of his 14-day time limit, the file-stamp date is not controlling for purposes of determining timeliness under the AEDPA.

In *Causey v. Cain*, 2006 WL 1413490, *3-*5 (5th Cir. 2006), the Fifth Circuit, based chiefly upon its finding that "the Louisiana Supreme Court has applied the prison mailbox rule with unfailing consistency as a matter of state law", decreed that the mailbox rule be employed in ascertaining the filing date of a prisoner's Louisiana state court pleadings in the context of determining the timeliness of his federal habeas corpus application. Under the "prison mailbox rule", a pleading filed by a prisoner acting *pro se* is

---

[5]*See* Federal rec., doc. 11, p. 4 n.1.

[6]A copy of the pertinent pleading is contained in the State rec., vol. 1 of 6.

[7]La. S.Ct. R. IX §1 provides, in pertinent part: "An application for rehearing must be filed with the clerk on or before the fourteenth calendar day after the mailing of the notice of judgment, and no extension of time therefor will be granted."

considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The reasoning behind such a rule, as the Supreme Court explained in *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988), is the fact that prisoners, unlike other litigants, cannot "personally travel to the courthouse" to ensure the timely filing of their court pleadings. Generally, the date a prisoner signs his pleading, in this case, May 2, 2000, is presumed to be the date he delivered it to prison officials for mailing. *See Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his pleading over to prison officials for delivery to this court on the date he signed it); *Magee v. Cain*, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date were the same).[8] Accordingly, Rogers' application for rehearing, for purposes of determining the timeliness of his federal habeas corpus action, is considered to have been filed on May 2, 2000, two days prior to his May 4, 2000 deadline under La. S.Ct. R. IX §1. However, despite its timeliness, Rogers' application for rehearing, nevertheless, did not toll prescription since it was not "properly filed", as required under 28 U.S.C. § 2244(d)(2).

La. S.Ct. R. IX §6 provides in pertinent part that "[a]n application for rehearing will not be considered when the court has merely granted or denied an application for a writ

---

[8]In his "Traverse to State's Response to Habeas Corpus Petition", Rogers repeatedly states that he delivered the pertinent pleading to prison officials for mailing on May 2, 2000, the same day he signed it. *See* Federal rec., doc. 12, pp. 4, 5, 7, 9, 12, 13, and 14.

of certiorari or a remedial or other supervisory writ." In this instance, the Louisiana Supreme Court merely denied Rogers' writ application, issuing a one-word opinion. S*ee Rogers*, 760 So.2d 341. Accordingly, Rogers had no right to seek a rehearing and therefore, "gain[ed] no tolling for the improper filing." *Garrison v. Cain*, Civil Action 04-3532 (E.D. La. 2005) (Wilkinson, MJ.) (*citing Gaudet v. Cain*, 31 Fed. Appx. 835, 2002 WL 243278 at *1 (5th Cir. 2002) ("application for rehearing in state circuit court did not toll the AEDPA limitations period"); *Scott v. Cain*, 2002 WL 1484385 at *2 n.17 (E.D. La. 2002) (Africk, J.) ("Louisiana Supreme Court ruling is final when ordered in light of the Rule IX §6 disregard for rehearing applications")). *See also McGrew v. Cain*, Civil Action 05-0383 (E.D. La. 2005) (Wilkinson, MJ.) (conviction deemed final following Louisiana Supreme Court's denial of writ application; petition for rehearing was "procedurally improper under La. S.Ct. Rule IX §6" and therefore, was "not included" in "finality calculation").

Based upon the above, the court finds that the State is correct in that Rogers' one-year prescriptive period did commence to run on July 19, 2000, 90 days following the Louisiana Supreme Court's April 20, 2000 denial of his writ application. As such, his prescription expiration date was July 19, 2001. Rogers did not file a state post-conviction application, which would have tolled prescription, until November 8, 2001, over three months after prescription had expired. Thus, the instant action is clearly time-barred absent a basis for equitable tolling.

Equitable tolling is justified only in "'rare and exceptional circumstances.'"

*Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164, 121 S.Ct. 1124, 148 L.Ed.2d 991 (2001) (*quoting Davis v. Johnson*, 158 F.3d 806 (5th Cir 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999)).  It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (*citing Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).  The evidence must show that the applicant, though deterred by matters outside his or her control, was nevertheless diligent in his or her pursuit of § 2254 relief.  *Coleman*, 184 F.3d at 403.

Clearly, in the instant matter, Rogers was not diligent in his pursuit of habeas corpus relief.  His May 2, 2000 application for rehearing before the Louisiana Supreme Court was denied on February 9, 2001.  At that point, Rogers still had approximately five months of his 12-month prescriptive period remaining.  If he had diligently sought state post-conviction relief, thereby tolling prescription, he could have timely filed a federal habeas corpus petition.  Rogers, however, waited almost nine months, until November 8, 2001, before seeking state post-conviction relief.  Such action or, more precisely, inaction, can hardly be characterized as diligent.

Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that the application for federal habeas corpus

relief filed on behalf of petitioner, Travis Rogers, be **DENIED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure

to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this __2nd__ day of _____June_____, 2006.


_____
LOUIS MOORE, JR.
United States Magistrate Judge